IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY ROBEDEAU                                                    PLAINTIFF

       Vs.                         No. 6:25-cv-6064

PILOT TRAVEL CENTERS LLC                              DEFENDANT

**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL**

**(All Pleadings Filed in Clark County Circuit Case)**

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

County: Clark          District: 9E              Filing Date: 05/16/2025

Judge: Batson          Division: Civil          Case ID: 10CV-25-132 @ 12:27

**Type of case (select one that best describes the subject matter)**

| Torts | Real Property | Miscellaneous Civil |
|---|---|---|
| ☐ (NM) Automobile | ☐ (CD) Condemnation/Eminent Domain | ☐ (AP) Administrative Appeal |
| ☐ (IT) Intentional | | ☐ (AR) Petition to Seal Arrest Record |
| ☐ (MP) Malpractice – Medical | ☐ (UD) Landlord/Tenant – Unlawful Detainer | ☐ (EL) Election |
| ☐ (MO) Malpractice – Other | | |
| X (LP) Premises – Liability | ☐ (UO) Landlord/Tenant – Other | ☐ (FV) Foreign Judgment – Civil |
| ☐ (PL) Product Liability | | ☐ (FR) Fraud |
| ☐ (DF) Slander/Libel/ Defamation | ☐ (FC) Mortgage Foreclosure | ☐ (IJ) Injunction |
| | ☐ (QT) Real Property – Other | ☐ (CF) Property Forfeiture |
| ☐ (OD) Torts – Other | | ☐ (RF) Register AR Judgment |
| **Contracts** | | ☐ (TS) Petition to Terminate Sex Offender Registration Req. - Out of State Judgment |
| ☐ (BP) Buyer Plaintiff | | |
| ☐ (EM) Employment Discrimination | | |
| ☐ (EO) Employment – Other | | ☐ (WT) Writ - Other |
| ☐ (DO) Seller Plaintiff (Debt Collection) | | ☐ (OM) Civil – Other |
| ☐ (OC) Contract – Other | | |

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/ Last Name | Robedeau | Company/ Last Name | Pilot Travel Centers, LLC c/o C T Corporation System |
| Suffix | | Suffix | |
| First Name | Gary | First Name | |
| DL/State ID | | DL/State ID | |
| Address | 44494 Bayview Avenue, Apt 17104 | Address | 320 Izard Street |
| City, State ZIP | Clinton Township, MI 48038 | City, State ZIP | Little Rock, AR 72201 |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes    X No | Self-represented | ☐ Yes        ☐ No |
| DOB | 11/16/1959 | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language)  X No | Interpreter needed? | ☐ Yes: _____ (language)  ☐ No |

Attorney of Record: Lee Curry _____ Bar #: 2014153

For the: X Plaintiff    ☐ Defendant ☐ Intervenor  Email Address: lcurry@daspitlaw.com

Related Case(s): Judge: _____ Case ID(s): 10Cv-23-221

Manner of filing (choose one):    X (MFO) Original        ☐ (MFR+case type) Re-open
                                  ☐ (MFT) Transfer        ☐ (MFF) Reactivate

FILED
BRIAN S. DANIEL
MAY 2 2 2025
tar 12:21
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

### IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### CIVIL DIVISION

**GARY ROBEDEAU**                                                    **PLAINTIFF**

**v.**                              Case No. 10CV-25- 132

**PILOT TRAVEL CENTERS, LLC**                                        **DEFENDANT**

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW the Plaintiff, Gary Robedeau, by and through his undersigned attorneys at DASPIT LAW FIRM, PLLC, and for this cause of action against the Defendant, Pilot Travel Centers, LLC, and respectfully states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Gary Robedeau (hereinafter "Plaintiff") is an individual resident of Macomb County, Michigan.

2.     Defendant Pilot Travel Centers, LLC (hereinafter "Defendant") is a foreign for-profit limited liability company organized under the laws of the State of Delaware, registered to do business in the State of Arkansas, and in good standing with the Arkansas Secretary of State. Upon information and belief, Defendant may be served with process through its registered agent, C T Corporation System, at 320 S. Izard Street, Little Rock, AR 72201, or wherever found.

3.     Upon information and belief, Defendant owned and operated the Pilot Travel Center store located at 170 Valley Street, Caddo Valley, Arkansas 71923.

4.      The incident giving rise to this cause of action occurred at the Pilot Travel Center located at 170 Valley Street, Caddo Valley, Arkansas 71923.

5.      This Court has jurisdiction over the parties and the subject matter herein, and venue is proper in Clark County.

## FACTS

6.      On November 7, 2023, Plaintiff entered the Pilot Travel Center located at 170 Valley Street, Caddo Valley, Arkansas 71923. Upon information and belief, Defendant owns and/or operates the Pilot Travel Center located at this address.

7.      Defendant operates the Pilot Travel Center to entice patrons such as Plaintiff to be business invitees to enter the location to purchase goods, groceries, and use the facilities etc. from the Defendant.

8.      At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as an invitee.

9.      While inside the store on the date in question, Plaintiff entered the restroom and attempted to use the facilities. When Plaintiff sat on the toilet, the toilet seat slid off the toilet, causing Plaintiff to fall and sustain physical injuries.

10.     Defendant and its agents and employees created, knew, or should have known of the hazardous condition of the toilet seat,

11.     Notwithstanding their knowledge of the hazardous condition of the toilet seat, Defendant and its agents and employees failed to take reasonable steps to correct or warn their business invitees of it.

## CAUSE OF ACTION - NEGLIGENCE

12.    The preceding allegations of this Complaint are re-alleged as though stated word-for-word.

13.    Defendant and its agents and employees owed a duty to Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition.

14.    Defendant and its agents and employees created, knew, or should have known of the hazardous condition of the toilet seat and neither corrected it nor warned Plaintiff of it.

15.    Defendant and its agents and employees knew or should have known that the hazardous condition of the toilet seat could result in personal injury to store patrons.

16.    Defendant and its agents and employees failed to act with ordinary care under the circumstances to prevent the foreseeable harm posed to Plaintiff and other invitees by the hazardous condition of the toilet seat, despite having knowledge of the danger.

17.    Defendant and its agents and employees failed to warn of the hazardous condition of the toilet seat that posed danger to its invitees.

18.    The negligent acts and omissions of Defendant's agents and employees are imputed to Defendant through their agency and employment relationships.

19.    Defendant is responsible and vicariously liable for the negligence of its agents and employees under the legal doctrines of joint enterprise, *respondeat superior* liability, and/or the principles of agency as adopted by the State of Arkansas.

## DAMAGES

20.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries to his body and is entitled to compensation for the nature, extent, duration, and permanency of those injuries.

-3-

21.     As a further direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff endured great pain, suffering, and mental anguish, and he will continue to endure these conditions into the future.

22.     As a further direct and proximate result of Defendant's negligence and Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses, which amounts include transportation expenses necessarily incurred in securing such care, and he is likely to incur such medical expenses into the future.

23.     As a further direct and proximate result of Defendant's negligence and Plaintiff's injuries, Plaintiff has sustained lost earnings and loss of future earning capacity.

### DEMAND FOR JURY TRIAL

24.     **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gary Robedeau prays for judgment over and against Defendant Pilot Travel Centers, LLC in an amount exceeding the minimum requirements for federal court diversity jurisdiction; for pre-judgment and post-judgment interest thereon at the maximum legal rate provided by law; for his court costs and attorney's fees; and for all other proper relief to which he may be justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

RESPECTFULLY SUBMITTED:

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiffs*

By: _____
Lee D. Curry        Ark. Bar No. 2014153
lcurry@daspitlaw.com

THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

GARY ROBEDEAU                                                PLAINTIFF

v.                                  No. 10CV-25- |32

PILOT TRAVEL CENTERS, LLC                                    DEFENDANT

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Pilot Travel Centers, LLC
c/o C T Corporation System
320 S Izard Street
Little Rock, AR  72201

_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:  **Daspit Law Firm, 124 W. Capitol Abe., Suite #1820, Little Rock, AR  72201**

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT

Address of Clerk's Office                    Tami Ray, DC
Clark County Circuit Clerk          [Signature of Clerk or Deputy Clerk]
401 Clay Street
Arkadelphia, AR  71923
                                       Date:  5/22/25

[SEAL]

No. _____ This summons is for *Pilot Travel Centers, LLC C/O CT Corporation System.*

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:
My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**


Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS


By: _____
      [signature of server]


_____
      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
      [signature of server]


_____
      [printed name]

Address: _____

      Phone: _____

Subscribed and sworn to before me this date: _____

      Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:


_____

_____

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2025-Jun-06 12:23:32
10CV-25-132
C09ED01 : 3 Pages

THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

GARY ROBEDEAU                                              PLAINTIFF

v.                              No. 10CV-25- 132

PILOT TRAVEL CENTERS, LLC                                 DEFENDANT

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Pilot Travel Centers, LLC
c/o C T Corporation System
320 S Izard Street
Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:  **Daspit Law Firm, 124 W. Capitol Abe., Suite #1820, Little Rock, AR  72201**

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

                                                    CLERK OF COURT
Address of Clerk's Office                  Tami Kua DC
Clark County Circuit Clerk                 [Signature of Clerk or Deputy Clerk]
401 Clay Street
Arkadelphia, AR  71923
                                           Date: ___5/22/25___
[SEAL]

No. _____ This summons is for *Pilot Travel Centers, LLC C/O CT Corporation System.*

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☒ On 5-29-25 *12:55 PM* [date] I delivered the summons and complaint to CT CORPORATION [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of PILOT TRAVEL [name of defendant] of 320 SOUTH IXARD STREET, LITTLE ROCK, AR

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:
My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____   SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
       [signature of server]

_____
       [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 5-29-72

By: _Raymond Frazier_
       [signature of server]

RAYMOND FRAZIER
[printed name]

Address: PO BOX 1006, LITTLE ROCK, AR 72203

Phone: 501-413-1173

Subscribed and sworn to before me this date: 5-29-25

Notary Public _____

My Commission Expires: 5/14/2030

JOYCE M. RAYNOR
No. 12376708
PULASKI COUNTY
Commission Expires 5-14-2030

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2025-Jun-11 12:40:11
10CV-25-132
C09ED01 : 6 Pages

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

GARY ROBEDEAU                                                    PLAINTIFF

Vs.                            No. 10CV-25-132

PILOT TRAVEL CENTERS LLC                                        DEFENDANT

## ANSWER

Comes Defendant, Pilot Travel Centers LLC ("Pilot" or "Defendant") through counsel, Barber Law Firm PLLC, and for its Answer to Plaintiff's Complaint, states:

1.      Pilot is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, demands strict proof thereof.

2.      Pilot admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Pilot admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      While denying any liability for the subject incident, Pilot admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Pilot is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same at this time.  Further, states this case is removable to the United States District Court on the basis of diversity jurisdiction and should be assigned to the same District Court division as it was when originally filed by Plaintiff and that the Court should order costs assessed against Plaintiff for Pilot's removal again to federal court.

6.      Pilot admits that it owns and operates a store on the date in question with the listed address in paragraph 6 of Plaintiff's Complaint.  Pilot is without sufficient information to admit or

deny the remainder of the allegations contained in said paragraph and, therefore, denies the same at this time.

7.      Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response. To the extent any response is required, same is denied at this time and Pilot demands strict proof thereof. Pilot does admit that it operates a retail store with fuel services that is open to its customers.

8.      Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response. Further, Pilot is without sufficient information to admit or deny the allegations contained in said paragraph and, therefore, denies the same at this time. To the extent any response is required, same is denied at this time and Pilot demands strict proof thereof.

9.      Pilot is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint, and, therefore, denies the same at this time, and Pilot demands strict proof thereof.

10.     Pilot specifically denies the allegations contained in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11.     Pilot specifically denies the allegations contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12.     In response to paragraph 12 of Plaintiff's Complaint, Pilot restates and realleges all denials and averments pled previously herein.

13.     Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which Defendant cannot formulate a response. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

2

14.    Pilott specifically denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.    Pilot specifically denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.    Pilot specifically denies the allegations contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.    Pilot specifically denies the allegations contained in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18.    Pilot specifically denies negligence and the allegations contained in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19.    Paragraph 19 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response.  To the extent a response is required, Pilot specifically denies the allegations contained in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20.    Pilot specifically denies the allegations contained in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.    Pilot specifically denies the allegations contained in paragraph 21 of Plaintiff's Complaint, including, but not limited to, all subparts contained therein, and demands strict proof thereof.

22.    Pilot specifically denies the allegations contained in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23.    Pilot specifically denies the allegations contained in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     In response to paragraph 24 of Plaintiff's Complaint, Pilot likewise demands a trial by jury on any surviving genuine issue of material fact.

25.     In response to the WHEREFORE paragraph of Plaintiff's Complaint, and while denying liability for the subject incident, Pilot admits that Plaintiff seeks recovery of damages which exceeds the amount required for federal court diversity jusridiction. Pilot denies the remainder of the prayers and requests made in said paragraph and demands strict proof thereof.

26.     Pilot denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

27.     Pleading affirmatively, Defendant states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible.  Defendant affirmatively invokes the law of comparative fault both as a bar to Plaintiff's recovery and in diminution of Plaintiff's damages, if any.

28.     Pleading further, Pilott states the Complaint fails to state facts upon which relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Arkansas and Federal Rules of Civil Procedure.

29.     Pleading further, Pilot states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible, and that such acts constitute an intervening and superseding proximate cause relieving Defendant of any liability to Plaintiff.

30.     Pilot specifically pleads all available defenses to it pursuant to Rule 8 of the Arkansas and Federal Rules of Civil Procedure, including, but not limited to, accord and

4

satisfaction; arbitration and award; comparative fault; discharge in bankruptcy; duress; estoppel; exclusiveness of remedy under workman's compensation law; failure of consideration; fraud; illegality; injury by fellow servant; insufficiency of process; insufficiency of service of process; laches; license; payment; release; res judicata; set-off; statute of frauds; statute of limitations; waiver; failure to mitigate damages; exacerbation of a pre-existing condition; lack of medical causation, and any other matter constituting an avoidance or affirmative defense.

31.     This Answer is being filed without the benefit of discovery, and Pilot therefore reserves the right to plead further upon discovery of additional information, including, but not limited to, an Amended Answer, Motion to Dismiss, Motion for Summary Judgment, or any other appropriate pleading.

WHEREFORE, having fully answered, Defendant, Pilot Travel Centers LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its costs incurred and expended herein which include the duplicative costs for answering the subject lawsuit and removal of the case to USDC where it was pending prior to Plaintiff's voluntary dismissal without prejudice, and for any and all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175
cfairley@barberlawfirm.com

By  /s/ *J. Carter Fairley*
        J. Carter Fairley    Ark. Bar No. 99068

***ATTORNEYS FOR DEFENDANT***

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2025, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system which shall send notification of such filing to the following counsel:

Lee Curry
DASPIT LAW FIRM
124 W. Capitol Ave., Suite 1820
Little Rock, AR 72201
(501) 512-0367
lcurry@daspitlaw.com
e-service:  e-service@daspitlaw.com

                              /s/  *J. Carter Fairley*
                              J. Carter Fairley

6