FILED
BRIAN S. DANIEL
MAY 2 2 2025
tdr 12:27
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

### IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| **GARY ROBEDEAU** | **PLAINTIFF** |
| v. | Case No. 10CV-25-132 |
| **PILOT TRAVEL CENTERS, LLC** | **DEFENDANT** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Gary Robedeau, by and through his undersigned attorneys at DASPIT LAW FIRM, PLLC, and for this cause of action against the Defendant, Pilot Travel Centers, LLC, and respectfully states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Gary Robedeau (hereinafter "Plaintiff") is an individual resident of Macomb County, Michigan.

2. Defendant Pilot Travel Centers, LLC (hereinafter "Defendant") is a foreign for-profit limited liability company organized under the laws of the State of Delaware, registered to do business in the State of Arkansas, and in good standing with the Arkansas Secretary of State. Upon information and belief, Defendant may be served with process through its registered agent, C T Corporation System, at 320 S. Izard Street, Little Rock, AR 72201, or wherever found.

3. Upon information and belief, Defendant owned and operated the Pilot Travel Center store located at 170 Valley Street, Caddo Valley, Arkansas 71923.

4. The incident giving rise to this cause of action occurred at the Pilot Travel Center located at 170 Valley Street, Caddo Valley, Arkansas 71923.

5. This Court has jurisdiction over the parties and the subject matter herein, and venue is proper in Clark County.

## FACTS

6. On November 7, 2023, Plaintiff entered the Pilot Travel Center located at 170 Valley Street, Caddo Valley, Arkansas 71923. Upon information and belief, Defendant owns and/or operates the Pilot Travel Center located at this address.

7. Defendant operates the Pilot Travel Center to entice patrons such as Plaintiff to be business invitees to enter the location to purchase goods, groceries, and use the facilities etc. from the Defendant.

8. At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as an invitee.

9. While inside the store on the date in question, Plaintiff entered the restroom and attempted to use the facilities. When Plaintiff sat on the toilet, the toilet seat slid off the toilet, causing Plaintiff to fall and sustain physical injuries.

10. Defendant and its agents and employees created, knew, or should have known of the hazardous condition of the toilet seat,

11. Notwithstanding their knowledge of the hazardous condition of the toilet seat, Defendant and its agents and employees failed to take reasonable steps to correct or warn their business invitees of it.

## CAUSE OF ACTION - NEGLIGENCE

12. The preceding allegations of this Complaint are re-alleged as though stated word-for-word.

13. Defendant and its agents and employees owed a duty to Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition.

14. Defendant and its agents and employees created, knew, or should have known of the hazardous condition of the toilet seat and neither corrected it nor warned Plaintiff of it.

15. Defendant and its agents and employees knew or should have known that the hazardous condition of the toilet seat could result in personal injury to store patrons.

16. Defendant and its agents and employees failed to act with ordinary care under the circumstances to prevent the foreseeable harm posed to Plaintiff and other invitees by the hazardous condition of the toilet seat, despite having knowledge of the danger.

17. Defendant and its agents and employees failed to warn of the hazardous condition of the toilet seat that posed danger to its invitees.

18. The negligent acts and omissions of Defendant's agents and employees are imputed to Defendant through their agency and employment relationships.

19. Defendant is responsible and vicariously liable for the negligence of its agents and employees under the legal doctrines of joint enterprise, *respondeat superior* liability, and/or the principles of agency as adopted by the State of Arkansas.

## DAMAGES

20. As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries to his body and is entitled to compensation for the nature, extent, duration, and permanency of those injuries.

21. As a further direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff endured great pain, suffering, and mental anguish, and he will continue to endure these conditions into the future.

22. As a further direct and proximate result of Defendant's negligence and Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses, which amounts include transportation expenses necessarily incurred in securing such care, and he is likely to incur such medical expenses into the future.

23. As a further direct and proximate result of Defendant's negligence and Plaintiff's injuries, Plaintiff has sustained lost earnings and loss of future earning capacity.

## DEMAND FOR JURY TRIAL

24. **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gary Robedeau prays for judgment over and against Defendant Pilot Travel Centers, LLC in an amount exceeding the minimum requirements for federal court diversity jurisdiction; for pre-judgment and post-judgment interest thereon at the maximum legal rate provided by law; for his court costs and attorney's fees; and for all other proper relief to which he may be justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

-5-

RESPECTFULLY SUBMITTED:

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiffs*

By: _____
Lee D. Curry        Ark. Bar No. 2014153
lcurry@daspitlaw.com