ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2025-Jun-11 12:40:11
10CV-25-132
C09ED01 : 6 Pages

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

GARY ROBEDEAU                                                                                    PLAINTIFF

Vs.                                              No. 10CV-25-132

PILOT TRAVEL CENTERS LLC                                                            DEFENDANT

## ANSWER

Comes Defendant, Pilot Travel Centers LLC ("Pilot" or "Defendant") through counsel, Barber Law Firm PLLC, and for its Answer to Plaintiff's Complaint, states:

1. Pilot is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, demands strict proof thereof.

2. Pilot admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Pilot admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. While denying any liability for the subject incident, Pilot admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Pilot is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same at this time. Further, states this case is removable to the United States District Court on the basis of diversity jurisdiction and should be assigned to the same District Court division as it was when originally filed by Plaintiff and that the Court should order costs assessed against Plaintiff for Pilot's removal again to federal court.

6. Pilot admits that it owns and operates a store on the date in question with the listed address in paragraph 6 of Plaintiff's Complaint. Pilot is without sufficient information to admit or

deny the remainder of the allegations contained in said paragraph and, therefore, denies the same at this time.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response. To the extent any response is required, same is denied at this time and Pilot demands strict proof thereof. Pilot does admit that it operates a retail store with fuel services that is open to its customers.

8. Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response. Further, Pilot is without sufficient information to admit or deny the allegations contained in said paragraph and, therefore, denies the same at this time. To the extent any response is required, same is denied at this time and Pilot demands strict proof thereof.

9. Pilot is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint, and, therefore, denies the same at this time, and Pilot demands strict proof thereof.

10. Pilot specifically denies the allegations contained in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Pilot specifically denies the allegations contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. In response to paragraph 12 of Plaintiff's Complaint, Pilot restates and realleges all denials and averments pled previously herein.

13. Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which Defendant cannot formulate a response. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

14. Pilott specifically denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Pilot specifically denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Pilot specifically denies the allegations contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Pilot specifically denies the allegations contained in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Pilot specifically denies negligence and the allegations contained in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Paragraph 19 of Plaintiff's Complaint states a legal conclusion to which Pilot cannot formulate a response. To the extent a response is required, Pilot specifically denies the allegations contained in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Pilot specifically denies the allegations contained in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Pilot specifically denies the allegations contained in paragraph 21 of Plaintiff's Complaint, including, but not limited to, all subparts contained therein, and demands strict proof thereof.

22. Pilot specifically denies the allegations contained in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Pilot specifically denies the allegations contained in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. In response to paragraph 24 of Plaintiff's Complaint, Pilot likewise demands a trial by jury on any surviving genuine issue of material fact.

25. In response to the WHEREFORE paragraph of Plaintiff's Complaint, and while denying liability for the subject incident, Pilot admits that Plaintiff seeks recovery of damages which exceeds the amount required for federal court diversity jusridiction. Pilot denies the remainder of the prayers and requests made in said paragraph and demands strict proof thereof.

26. Pilot denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

27. Pleading affirmatively, Defendant states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible. Defendant affirmatively invokes the law of comparative fault both as a bar to Plaintiff's recovery and in diminution of Plaintiff's damages, if any.

28. Pleading further, Pilott states the Complaint fails to state facts upon which relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Arkansas and Federal Rules of Civil Procedure.

29. Pleading further, Pilot states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible, and that such acts constitute an intervening and superseding proximate cause relieving Defendant of any liability to Plaintiff.

30. Pilot specifically pleads all available defenses to it pursuant to Rule 8 of the Arkansas and Federal Rules of Civil Procedure, including, but not limited to, accord and

satisfaction; arbitration and award; comparative fault; discharge in bankruptcy; duress; estoppel; exclusiveness of remedy under workman's compensation law; failure of consideration; fraud; illegality; injury by fellow servant; insufficiency of process; insufficiency of service of process; laches; license; payment; release; res judicata; set-off; statute of frauds; statute of limitations; waiver; failure to mitigate damages; exacerbation of a pre-existing condition; lack of medical causation, and any other matter constituting an avoidance or affirmative defense.

31.    This Answer is being filed without the benefit of discovery, and Pilot therefore reserves the right to plead further upon discovery of additional information, including, but not limited to, an Amended Answer, Motion to Dismiss, Motion for Summary Judgment, or any other appropriate pleading.

WHEREFORE, having fully answered, Defendant, Pilot Travel Centers LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its costs incurred and expended herein which include the duplicative costs for answering the subject lawsuit and removal of the case to USDC where it was pending prior to Plaintiff's voluntary dismissal without prejudice, and for any and all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175
cfairley@barberlawfirm.com


By   /s/ *J. Carter Fairley*
         J. Carter Fairley   Ark. Bar No. 99068

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of June, 2025, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system which shall send notification of such filing to the following counsel:

Lee Curry
DASPIT LAW FIRM
124 W. Capitol Ave., Suite 1820
Little Rock, AR 72201
(501) 512-0367
lcurry@daspitlaw.com
e-service:  e-service@daspitlaw.com

                                       /s/  *J. Carter Fairley*
                                       J. Carter Fairley