IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY ROBEDEAU                                                                                            PLAINTIFF

Vs.                      No. 6:25-cv-06064-SOH

PILOT TRAVEL CENTERS LLC                                              DEFENDANT

## JOINT RULE 26(f) REPORT

COME Plaintiff, Gary Robedeau, by and through his attorney, Lee Curry of Daspit Law Firm, and Defendant, Pilot Travel Centers LLC, by and through its attorney, J. Carter Fairley of Barber Law Firm PLLC, collectively, the "Parties", and for their Joint Rule 26(f) Report, state:

**(1)**     **Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26 (a).**

*The Parties agree that initial disclosures will be made no later than September 16, 2025 and will track the requirements of Fed. R. Civ. P. 26(a).*

**(2)**     **Date when mandatory disclosures were or will be made.**

*The Parties agree that initial disclosures will be made on or before September 16, 2025.*

**(3)**     **Subjects on which discovery may be needed.**

*Liability and damages.*

**(4)**     **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

        **(a)**     whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

        **(b)**     the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

  **(c)**  the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

  **(d)**  whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

  **(e)**  other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

*The Parties anticipate that a small amount of electronic discovery will be produced but will be limited to data reasonably available to the parties in the ordinary course of business. Electronic data shall be produced in native format. The Parties have discussed data preservation and agree to take appropriate and reasonable measures to preserve potentially discovery data from alteration or destruction in the ordinary course of business or otherwise.*

**(5) Date by which discovery should be completed.**

*Based on the unavoidable conflict referenced in paragraph (9), the Parties believe that the fact discovery deadline should be set for April 1, 2026. It is further agreed by the parties that Plaintiffs shall produce their expert report(s) by January 25, 2026. Defendant shall produce its expert reports by February 28, 2026. All discovery should be completed by April 1, 2026.*

**(6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

*None.*

**(7) Any orders, e.g. protective orders, which should be entered.**

*None at this time.*

**(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

*None.*

**(9) Any objections to the proposed trial date.**

*Yes. Counsel for Defendant has a previously scheduled and paid for vacation during the week of May 18, 2026 which is the proposed trial setting in this matter. Counsel for the parties jointly request a setting in August of 2026 for a three-day jury trial in this matter.*

**(10) Proposed deadline for joining other parties and amending the pleadings.**

*November 15, 2025.*

**(11)   Proposed deadline for completing discovery.**

*The Parties agree that fact discovery should be completed by April 1, 2026.  The completion of all discovery, including expert discovery, should be completed by April 1, 2026.*

**(12)   Proposed deadline for filing motions other than motions for class certification.**

*The Parties agree that the deadline for filing motions other than for class certification and motions in limine should be May 1, 2026.  Motions in limine should be filed by June 26, 2026.*

**(13)    Class certification:  In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

*This is not a class action.*

Respectfully submitted,

DASPIT LAW FIRM
124 W. Capitol Ave., Suite 1820
Little Rock, AR 72201
501-512-0367
713-587-9086 = fax

By:    /s/     *Lee D. Curry*
       Lee D. Curry, Esq. #2014153
       lcurry@daspitlaw.com
       ATTORNEYS FOR PLAINTIFFS

and

BARBER LAW FIRM PLLC
One Allied Drive, Suite 1600
Little Rock, AR  72202
501-372-6175
888-412-3288 = fax

By:    /s/     *J. Carter Fairley*
       J. Carter Fairley #99068
       cfairley@barberlawfirm.com
       ATTORNEYS FOR DEFENDANTS